UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES | |
| v. | CAUSE NO.: 2:12-CR-26-TLS-JEM |
| BEAVER BERNARD RUSSELL | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Beaver Bernard Russell's pro se Motion to Request Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) [ECF No. 56]. In his motion, Defendant Russell requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and United States Sentencing Guideline § 1B1.10, seeking a two-level reduction of his offense level based upon the retroactive application of Amendment 782 to the Sentencing Guidelines.

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant who was sentenced to a term of imprisonment "based on" a Guidelines sentencing "range that has subsequently been lowered" by retroactive amendment to move for a sentence reduction.

Defendant Russell was convicted of violating 18 U.S.C. § 2113(a)—bank robbery—and was sentenced to 140 months of imprisonment on July 29, 2014.[1] In this motion, Defendant

---

[1] The Court notes that the caption to Defendant's motion contains the cause number 2:12-CR-10 and that the motion represents that Defendant was sentenced to a term of imprisonment of 125 months. On February 9, 2012, Defendant was sentenced to a term of imprisonment of 125 months on two counts of bank robbery in the United States District Court for the Eastern District of Kentucky in cause number 2:12-CR-10. *See* PSR ¶ 71. The sentence in the instant case was ordered to run concurrently with that sentence in 2:12-CR-10. *See* Judgment 2, ECF No. 49.

1

Russell seeks a reduction based on Amendment 782, which applies retroactively. *See* U.S. Sentencing Guidelines Manual § 1B1.10(d). Amendment 782 changed the threshold amounts in the drug quantity tables at U.S.S.G. § 2D1.1 and § 2D1.11, so that most drug quantities will have a base offense level that is two levels lower than before the amendment. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782. Because Defendant Russell's conviction involved solely bank robbery, his Guideline range was determined by U.S.S.G. § 2B3.1, not by the drug quantity table. Thus, Amendment 782 is not applicable to Defendant Russell's sentence in this case.

The Court recognizes that U.S.S.G. § 2B3.1 was amended by Amendment 791 and by Amendment 805 after the date of Defendant Russell's sentencing. *See* U.S. Sentencing Guidelines Manual app. C, amends. 791 (effective Nov. 1, 2015), 805 (effective Nov. 1, 2018). First, neither amendment provides a basis for retroactive application under § 3582(c)(2). *See* U.S. Sentencing Guidelines Manual § 1B1.10(d) (listing neither Amendment 791 nor Amendment 805 as a covered amendment). Moreover, neither amendment would affect the calculation of Defendant Russell's sentence in this case. Amendment 791 amended, among other things, the monetary tables in U.S.S.G. § 2B3.1(b)(7) to adjust the loss amounts to account for inflation. *See* U.S. Sentencing Guidelines Manual app. C, amend. 791. The loss table in U.S.S.G. § 2B3.1(b)(7) was not used in the calculation of Defendant Russell's offense level. *See* PSR ¶¶ 9, 11, 13, 19–48 (listing the losses from the bank robberies in the amounts of $3,050 and $4,520, and $2,079 and not including any increase in offense level based on the loss table); *see also* U.S. Sentencing Guidelines Manual § 2B3.1(b)(7) (2013) (requiring the loss exceed $10,000 to trigger an increase in level under the loss table). Amendment 805 amended Application Note 1 to U.S.S.G. § 1B1.1 by redesignating paragraphs (D) through (L) as paragraphs (E) through (M), respectively. *See* U.S. Sentencing Guidelines Manual app. C, amend. 805. Because the

Application Note to U.S.S.G. § 2B3.1 cross-references one of the redesignated paragraphs from U.S.S.G. § 1B1.1, Amendment 805 included a corresponding amendment to Application Note 2 to U.S.S.G. § 2B3.1 by striking "Application Note 1(D)(ii) of § 1B1.1" and inserting "Application Note 1(E)(ii) of § 1B1.1." *See* U.S. Sentencing Guidelines Manual app. C, amend. 805.

Because no new Guideline calculations are applicable to Defendant Russell's sentence, much less one that has been subsequently lowered by a retroactive amendment, Defendant Russell is not eligible for relief under § 3582(c)(2).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Request Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) [ECF No. 56] is DENIED. Defendant's Motion for Consideration of Compassionate Release or Reduction in Sentence Pursuant to U.S.C. § 3582(c)(1)(A) [ECF No. 59] REMAINS PENDING and will be ruled on separately by the Court once the motion is fully briefed.

SO ORDERED on September 15, 2020.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT