**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 2:12-CR-26-TLS-JEM |
| BEAVER BERNARD RUSSELL | 2:14-CR-30-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Request for Consideration of Compassion Release or Reduction in Sentence Pursuant to U.S.C. § 3582(c)(1)(A) filed by Defendant Beaver Bernard Russell pro se on August 20, 2020, in cause number 2:12-CR-26 at docket entry 59 and in cause number 2:14-CR-30 at docket entry 29. Because the filings are identical in each case, the Court will refer only to the docket entries in cause number 2:12-CR-26. Defendant Russell seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic and his personal risk factors. For the reasons set forth below, Defendant's motion is denied.

**BACKGROUND**

In cause number 2:12-CR-26, an Indictment [ECF No. 1] was returned on February 15, 2012, charging Defendant with two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Defendant was arrested on state charges on February 9, 2012, and initially appeared in federal court in this matter on August 27, 2013. In cause number 2:14-CR-30, an Indictment [ECF No. 1] was returned on March 28, 2014, charging Defendant with one count of bank robbery in violation of 18 U.S.C. § 2113(a).

On April 17, 2014, Defendant pleaded guilty to Counts 1 and 2 in cause number 2:12-CR-26 and Count 1 in cause No. 2:14-CR-30. *See* ECF No. 33. On July 29, 2014, the Court sentenced Defendant to 140 months on each of the three counts to run concurrently. *See* ECF No.

48. The Court further ordered the term of imprisonment (1) to run concurrently to any remaining undischarged term of imprisonment as ordered in the Eastern District of Kentucky in Cause No. 2:12cr10 and as ordered in Boone County, Kentucky, Circuit Court Case No. 12cr158 and (2) to run consecutively to any undischarged term of imprisonment in Monroe County Court of Common Pleas, Stroudsburg, PA Cause Numbers CR1257-1998 and CR1063-1998. *Id.* The Court also imposed a term of supervised release of two years on each count in cause number 2:12-CR-26 and three years in cause No. 2:14-CR-30, to be served concurrently. *Id.*

Defendant is currently confined at Federal Correctional Institution Williamsburg (FCI Williamsburg) in Salter, South Carolina. Def.'s Mot. 1, ECF No. 59; Gov't Resp. at 6, ECF No. 66.

On August 20, 2020, Defendant filed the instant Motion to Request for Consideration of Compassion Release or Reduction in Sentence Pursuant to U.S.C. § 3582(c)(1)(A) [ECF No. 59] asking to be released from prison in light of the COVID-19 pandemic and his personal risk factors. On August 21, 2020, the Court issued an Order [ECF No. 61] referring this matter to the Federal Community Defender to consider filing a supplemental brief in support of Defendant's request. On September 3, 2020, counsel entered an appearance [ECF No. 62] on behalf of Defendant and filed a status report [ECF No. 63], asking the Court to rule on Defendant's pro se motion [ECF No. 59] but requesting permission to file a reply, if necessary and appropriate, in the event the Government files a response in opposition. On September 4, 2020, the Government filed a Response [ECF No. 66] opposing Defendant's motion. On October 1, 2020, Defendant, by counsel, filed a Reply [ECF No. 70].

## ANALYSIS

Defendant asks the Court to modify his sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) based on the threats posed by the COVID-19

pandemic and his personal health concerns of diabetes, high blood pressure, high cholesterol, and obesity. The Government opposes the requested relief on the basis that Defendant's health issues are monitored and controlled with medication and do not constitute extraordinary and compelling factors outweighing the aggravating § 3553(a) factors in this case.

Following the imposition of sentence, a court may not modify the term of imprisonment absent specific circumstances enumerated in 18 U.S.C. § 3582(c). One such circumstance allows a court to grant a defendant compassionate release if certain requirements are met. *Id.* § 3582(c)(1)(A). The statute provides that

> the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .
> >
> > > and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission . . . .

*Id.* (emphasis added). Thus, the statute sets out four requirements: exhaustion of administrative remedies, consideration of whether "extraordinary and compelling reasons" warrant a reduction in the term of imprisonment, consideration of the § 3553(a) factors, and consistency with the applicable Sentencing Commission policy statements.

While the statute does not define "extraordinary and compelling reasons," Congress provided:

> The [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of

3

> specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

Pursuant to that authority, the Sentencing Commission Policy Statement on § 3582(c)(1)(A) provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual § 1B1.13. The commentary to the Policy Statement then provides that extraordinary and compelling reasons exist under any of these circumstances:

> (A) <u>Medical Condition of the Defendant</u>.—
>
> (i) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,

4

>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)   Family Circumstances.
>
>   (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.

Policy Statement § 1B1.13 was effective November 1, 2018, but has not been updated to reflect that the First Step Act amended § 3582(c)(1)(A) in December 2018 to allow a motion to be brought by a defendant and not only by the Bureau of Prisons. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)."). Nevertheless, § 1B1.13 provides guidance on the "extraordinary and compelling reasons" that may warrant a reduction in a term of imprisonment on a motion brought by a defendant. *See United States v. Scott*, No. 17-CR-156, 2020 WL 2508894, at *7–8, — F. Supp. 3d —, — (E.D. Wis. May 15, 2020) (agreeing with the majority of courts that a "court in deciding a compassionate release motion is no longer confined to the specific examples enumerated in U.S.S.G. § 1B1.13"); *United States v. McGraw*, No. 2:02-cr-18, 2019 WL

2059488, at *2 (S.D. Ind. May 9, 2019) ("While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." (citing cases)).

First, as to exhaustion of administrative remedies, on July 11, 2020, Defendant wrote to the warden at Williamsburg FCI and requested compassionate release based on his diabetes, high blood pressure, and high cholesterol. Gov't Resp. Ex. 2, ECF No. 66-2. On August 11, 2020, the warden denied the request. *Id.* The parties disagree as to whether Defendant has exhausted his administrative remedies because he did not appeal the warden's decision, yet thirty days have passed since his request. The Court need not resolve the issue because Defendant has not demonstrated "extraordinary and compelling reasons" for his release.

Defendant argues that his underlying medical conditions of diabetes, high blood pressure, and high cholesterol make him especially vulnerable to COVID-19, constituting "extraordinary and compelling reasons" for relief. Although the Court recognizes that COVID-19 poses a general threat to every non-immune person in the country, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597; *see also* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited Oct. 9, 2020); Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ index.jsp (last visited Oct. 9, 2020). Rather, § 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions. *See United States v. Downing*, No. 18-cr-40037, 2020 WL

6

2789790, at *2 (C.D. Ill. May 29, 2020) ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." (quoting *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020))).

Defendant is housed at Williamsburg FCI in Salters, South Carolina. As of October 13, 2020, 337 inmates at Williamsburg FCI had completed tests, 4 inmates had pending tests, and 11 inmates had a positive test. *See* COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Oct. 13, 2020). The map function on the same website of confirmed active COVID-19 cases shows 6 confirmed active inmate cases and 8 confirmed active staff case. *See* COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Oct. 13, 2020). The Court notes that BOP facilities have strict precautions in place including shelter-in-place protocols, screening and quarantining all newly arriving detainees, screening staff, restricting access to BOP facilities, suspending social visits, limiting legal visits, isolating all symptomatic detainees until medically cleared, and issuing and encouraging the use of face masks. *See* Gov't Resp. 6–9, ECF No. 66; BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Oct. 13, 2020). Defendant has not shown that his institution is facing a serious outbreak of COVID-19 infections or that Williamsburg FCI is incapable of successfully containing an outbreak. Accordingly, Defendant's general concerns surrounding the conditions at Williamsburg FCI are insufficient to warrant his release.

Turning to Defendant's personal health conditions, Defendant has diabetes, high blood pressure, high cholesterol, and obesity. In Defendant's reply brief, counsel notes that Defendant

is obese with a BMI of 35 at 258 pounds and 6 feet tall. Def. Reply 7, ECF No. 70. The Court finds that, even in the context of the COVID-19 pandemic, Defendant's conditions do not constitute an extraordinary and compelling reason to justify a sentence reduction. Type II diabetes mellitus and obesity are two of the eight conditions that places an individual at an increased risk of severe illness if the individual were to contract COVID-19. *See* People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 13, 2020) ("People of any age with the following conditions are at increased risk of severe illness from COVID-19: . . . Obesity (body mass index [BMI] of 30 kg/m$^2$ or higher but < 40 kg/m$^2$); . . . Type 2 diabetes mellitus."). And, high blood pressure is one of the diseases that might place an individual at an increased risk for severe illness from the virus that causes COVID-19. *See id.* High cholesterol is not a listed condition. At 56 years old, Defendant's age also places him at an increased risk for severe illness. *See* Final PSR 3, ECF No. 38; Older Adults, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Oct. 13, 2020).

Although these are chronic conditions, Defendant has not offered evidence that he suffers from these conditions to a degree that substantially diminishes his ability to provide self-care within the environment of the correctional facility. The Government has offered medical records showing that his conditions are monitored and controlled by medication and that Defendant is otherwise in good health. Gov't Resp. Ex. 3 pp. 3–4, 29–30, 76–79, ECF 66-3. During a June 18, 2020 medical visit, Defendant was doing fairly well clinically and was compliant with all medications, diet, and exercise as much as possible. *Id.* at 76. While Defendant's diabetic control appeared to be deteriorating, Defendant indicated this was due to lockdown status and his inability to exercise. *Id.* Defendant was presented with the option of initiating insulin, but he strongly requested to attempt to modify his diet and observe the response, with the understanding

that if his results did not improve, he would agree to insulin. *Id.* Defendant had no other health complaints at that time, and his cardiovascular auscultation was of regular rate and normal. *Id.* at 76, 77. Defendant was continued on prescription medicine to control his diabetes, high blood pressure, and high cholesterol. *Id.* at 77–79. The Court has considered Defendant's counsel's argument in the reply brief as well as the documents offered in support. *See* Def. Reply. Overall, Defendant has not shown that his conditions of diabetes, high blood pressure, high cholesterol, and obesity have substantially diminished his ability to provide self-care at his place of incarceration.

Having considered the location of Defendant's confinement and the nature of his health concerns and in light of the 3553(a) factors discussed below, the Court finds that Defendant has not shown extraordinary and compelling reasons that would make him eligible for a reduction in his term of imprisonment. *See United States v. Bowling*, No. 2:16-CR-153-PPS, 2020 WL 4915665, at *3–5 (N.D. Ind. Aug. 21, 2020) (denying compassionate release where the defendant was receiving adequate care for her medical conditions of diabetes, anemia, high blood pressure, hyperlipidemia, back pain, and depression and had not shown that her medical conditions substantially diminished her ability to provide self-care while incarcerated).

3.   *Section 3553(a) Factors*

Moreover, in considering the § 3553(a) factors and whether Defendant is a danger to the safety of any other person or the community, the Court finds that the factors do not warrant a reduction in his sentence. In this case, Defendant robbed three banks during a five-week period, including making one teller stay on the ground while implying he had a firearm. In addition, Defendant has a long history in the criminal justice system, with over ten felony convictions, none of which deterred him from committing the crimes in this case. The Court finds that deterrence, protection of the public, just punishment, respect for the law, and the serious nature

of the offense all warrant denial of early release for Defendant and weigh in favor of denying the motion. While the Court recognizes that Defendant works as a cook in prison and that he has taken numerous classes, his good conduct and self-improvement do not outweigh the other factors.

With Defendant's sentence of 140 months imprisonment in 2014 and a projected release date of October 2024, Defendant has four years remaining on the original sentence of less than twelve years, which means he has served less than 75 percent of his term of imprisonment. Defendant has presented no compelling argument to change the Court's finding that the original sentence of 140 months imprisonment was sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Therefore, based on Defendant's specific circumstances, the Court finds that a reduced term of imprisonment under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is not warranted. *See Downing*, 2020 WL 2789790, at *1–2 (denying motion for compassionate release, even though the defendant has health issues of type 2 diabetes, COPD, anemia, asthma, and high blood pressure, where the defendant was 43 years old, the defendant was housed in a facility with very few COIVD-19 cases, and early release would not be consistent with the § 3553(a) factors); *United States v. Shah*, 16-20457, 2020 WL 1934930, at *1–2 (E.D. Mich. Apr. 22, 2020) (denying motion for compassionate release on the basis that, although the defendant suffers from diabetes and hypertension, there were no cases of COVID-19 in his facility and the BOP is making strict efforts to protect inmates); *United States v. Desage*, 2:13-cr-39, 2020 WL 1904584, at *1–4 (D. Nev. Apr. 17, 2020) (denying relief for a 69-year-old inmate at outset of 36-month sentence, given his criminal record, even though he is diabetic, because he would be isolated and the BOP is taking steps to keep inmates safe).

## CONCLUSION

Based on the foregoing, the Court DENIES the Motion to Request for Consideration of Compassion Release or Reduction in Sentence Pursuant to U.S.C. § 3582(c)(1)(A) [ECF No. 59 in 2:12-CR-26] [ECF No. 29 in 2:14-CR-30].

SO ORDERED on October 13, 2020.

                                            s/ Theresa L. Springmann
                                            JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT